IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MONICA WRIGHT,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CGS, )<br>)<br>Defendant. ) | )<br>)<br>)<br>NO. 3:20-cv-00881<br>)<br>)  JUDGE CAMPBELL<br>)  MAGISTRATE JUDGE FRENSLEY<br>)<br>) |

## MEMORANDUM

Plaintiff Monica Wright, a Tennessee resident, filed a *pro se* employment discrimination Complaint against CGS. (Doc. No. 1). She also submitted an application to proceed as a pauper. (Doc. No. 2). This matter is before the Court for a ruling on the application and initial review of the Complaint.

### I.  APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff, a 39-year single mother, supports two children with an income of $800 per month. (Doc. No. 2). She reports no bank account balance or assets. (*Id*. at 2-3). It therefore appears from Wright's application that she cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

### II.  INITIAL REVIEW

The Court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the

screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## A. Standard of Review

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to

2

Case 3:20-cv-00881   Document 5   Filed 10/19/20   Page 2 of 5 PageID #: 16

ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

**B. Factual Background**

Liberally construing the Complaint, Wright alleges that she trained for a position at CGS. (Doc. No. 1 at 4). Due to Covid-19, CGS sent Wright to finish her training at home. (*Id.*) Wright received a call the next day stating that she was being let go because she was "not getting it." (*Id.* at 6). Wright believes that she was fired and retaliated against because she requested "more help" in order to "do [her] job better." (*Id.*)

**C. Discussion**

The Complaint reflects that Plaintiff intends to bring federal employment law claims against CGS.[1] Plaintiff checked the boxes denoting that she intends to bring this action under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"). (Doc. No. 1 at 3). She also checked the boxes reflecting that the "discriminatory conduct of which [she] complain[s]" is termination of employment and retaliation. (*Id.* at 4).

The ADEA prohibits discrimination on the basis of age, 29 U.S.C. § 623(a)(1), and ADA prohibits discrimination on the basis of disability. 42 U.S.C. § 12112(a). While Plaintiff has invoked these federal laws, she has not alleged any discrimination on the basis of age or disability.

---

[1] A plaintiff must file a civil lawsuit within 90 days of receiving the right-to-sue notice from the EEOC demonstrating the exhaustion of administrative remedies. *See, e.g., McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2014) (discussing the 90-day requirement in the context of the ADA). Plaintiff has satisfied the administrative exhaustion requirement by submitting the right-to-sue notice that she received from the EEOC. (Doc. No. 1 at 5). The right-to-sue notice is dated August 12, 2020. (*Id.*) The Court received the Complaint on October 9, 2020, 50 days later. (Doc. No. 1 at 1). Accordingly, the Court considers Plaintiff's claims to be timely for the purpose of initial review.

3

Indeed, the Complaint does not even mention these characteristics. (*See* Doc. No. 1 at 4-6). Accordingly, Plaintiff's ADEA and ADA claims must be dismissed for failure to state a claim.

Plaintiff did check the box designating that CGS discriminated against her based on her race. (Doc. No. 1 at 4). Thus, it is possible that Plaintiff intended to invoke the Title VII of the Civil Rights Act of 1964 ("Title VII"), but inadvertently failed to do so. Title VII makes it unlawful for an employer to discharge an employee because of her race or color. 42 U.S.C. § 2000e-2(a)(1). To state a Title VII discrimination claim, Plaintiff must plausibly allege that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly situated individuals outside of her protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). Here, the Complaint contains no allegation that Plaintiff is a member of a protected class or was treated differently than similarly situated individuals outside her protected class. (*See* Doc. No. 1 at 4-6). Stated differently, Plaintiff does not mention her race, attribute her termination by CGS to race, or allege that CGS treated employees of another race differently. Rather, Plaintiff alleges that she was terminated for requesting additional training. (*Id.*) This is insufficient to state a racial discrimination claim under Title VII. Accordingly, to the extent Plaintiff has brought a Title VII claim, it must be dismissed for failure to state a claim.

Finally, Plaintiff brings retaliation claims. However, federal employment discrimination laws are not catchall statutes creating a cause of action for any workplace retaliation. Rather, individuals are protected only from retaliation for engaging in, or aiding another who engages in, activity covered by those laws. Thus, to state a retaliation claim under the ADEA, the ADA, or Title VII, Plaintiff must plausibly allege that she engaged in a protected activity under those laws.

*See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (ADA retaliation); *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013) (Title VII retaliation); *Reed v. Am. Cellular, Inc.*, 39 F. Supp. 3d 951, 970 (M.D. Tenn. 2014) (ADEA retaliation). A request for additional training in order do "better" – devoid of any mention or plausible implication of age, disability, or race – does not constitute a protected activity under the ADEA, the ADA, or Title VII. *See* 29 U.S.C. § 623(d) (defining protected activity under ADEA); 42 U.S.C. § 12203(a) (defining protected activity under ADA); 42 U.S.C. § 2000e-3(a) (defining protected activity under Title VII). Accordingly, because Plaintiff has not alleged that she engaged in a protected activity, the retaliation claims must be dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons explained above, the Court concludes that the Complaint fails to state a claim against CGS upon which relief can be granted. The Complaint will be therefore dismissed.

An appropriate order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5